**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Angel Marrero, Jr., | No. CV-20-00503-TUC-DCB |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

This matter was referred to Magistrate Judge Bruce G. Macdonald, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). He issued a Report and Recommendation (R&R) on March 7, 2023. (Doc. 12). He recommends that this Court dismiss the Petition because Petitioner's claims are procedurally defaulted without excuse and/or not cognizable in federal habeas.

STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R by a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v.*

*Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), see also, Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

REPORT AND RECOMMENDATION

The Honorable Bruce G. Macdonald, United States Magistrate Judge, considered two issues on appeal: whether the trial court erred by precluding some of his third-party culpability evidence and whether the State withheld impeachment evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963).

The Magistrate Judge concluded that the Petitioner failed to present the first issue to the state courts as a federal claim. Any attempt to return to state court now would be futile in view of Rules 32.2 and 32.4(b), which preclude successive petitions for relief except in a few narrow categories. (R&R (Doc. 12) at 10.) Consequently, this claim is procedurally defaulted. Additionally, federal habeas relief is not available to review questions about the admissibility of evidence. *Id.* at 10-11 (citations omitted).

The Magistrate Judge concluded that the claim that the State withheld impeachment evidence is precluded because the state courts considered this issue and found it procedurally defaulted on independent state grounds; the Arizona Court of Appeals found this claim did not meet the requirements for newly discovered evidence, and he had waived the issue by failing to timely raise it. This procedural default by the state court based on independent state grounds precludes review by this Court. *Id.* at 11-13.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made.")  To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v.*

*Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); see also, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and, therefore, review has been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law but is a factor in considering the propriety of finding waiver)).  The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact.  *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law).  The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court dismisses the Petition.

**Accordingly**,

**IT IS ORDERED** that the Report and Recommendation (Doc. 12) is adopted as the findings of fact and conclusions of law of the Court.

**IT IS FURTHER ORDERED** that the Petition (Doc. 1) is DISMISSED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

/////

/////

/////

/////

/////

1  **IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases because reasonable jurists would not find the Court's procedural ruling debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 3rd day of May, 2023.

_____
Honorable David C. Bury
United States District Judge